Filed 9/29/25  P. v. Torres CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C102675 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-187049) |
| v. | |
| VICTOR ADAM TORRES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Victor Adam Torres asked this court to review the record and determine whether there are any arguable issues on appeal that would result in a disposition more favorable to defendant.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

An outdoor supply store had two kayaks on display outside the store.  The kayaks were locked with a secure cable.  Defendant removed the kayaks using bolt cutters,

1

placed them on his truck, and left with the kayaks. He did not have permission to take the kayaks and did not pay for them. The kayaks were valued at over $1,000.

A complaint charged defendant with grand theft (Pen. Code, § 487, subd. (a) – count one — statutory section citations that follow are to the Penal Code) and receiving stolen property (§ 496, subd. (a) – count two). As to both counts, the complaint also alleged defendant had a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).

After the trial court denied defendant's request for the court to exercise its discretion to dismiss the prior strike allegation under *People v. Romero* (1996) 13 Cal.4th 497, defendant pleaded no contest to grand theft and admitted the prior strike allegation in exchange for a stipulated low term sentence of 16 months, doubled pursuant to the prior strike. The trial court accepted the plea, found defendant guilty of grand theft and found true the prior strike allegation. The trial court set the matter for sentencing on April 26, 2024.

Defendant failed to appear at the April 2024 sentencing hearing and the trial court issued a bench warrant for his arrest. Approximately six months later, defendant was returned to court. At the sentencing hearing, the People indicated that after defendant failed to appear he committed two new offenses, so they no longer supported the terms of the plea. The court informed defendant in light of the new facts, it could allow defendant to withdraw his plea. Rather than withdraw his plea or continue the matter, defendant agreed to an increase in the stipulated sentence: a two-year mid-term, doubled pursuant to the strike for a total of four years. The People also agreed not to file a felony failure to appear.

In accordance with the plea, the trial court sentenced defendant to the middle term of two years in prison, doubled pursuant to the prior strike conviction. The court awarded defendant 25 days presentence custody credits and imposed various fines and fees.

The trial court denied defendant's request for a certificate of probable cause. (§ 1237.5.)

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

After examining the record, we have discovered an error in the judgment. Although the receiving stolen property count is not mentioned in the plea colloquy or the advisement and waiver or rights, the reasonable inference from the totality of the record is that the parties intended to resolve all the charges against defendant in this case. (See *People v. Shelton* (2006) 37 Cal.4th 759, 767-768 [when interpreting ambiguous or uncertain terms of plea, we must give effect to the parties' mutual intention, as reflected in the words used, surrounding circumstances, and subsequent conduct of the parties].) Thus, the plea agreement must have implicitly included a dismissal of the receiving stolen property count. Because the failure to dismiss the receiving count appears to have been an inadvertent omission, we will order the receiving stolen property count dismissed. The minute order and abstract of judgment already properly reflect this modification and need not be amended.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to dismiss count two, receiving stolen property.  As modified, the judgment is affirmed.


_____

HULL, Acting P. J.

We concur:


_____

ROBIE, J.


_____

BOULWARE EURIE, J.

4